

# United States District Court
## For The District of Wyoming – Casper

| | |
|---|---|
| Gregory Lee King D'Arezzo | Civil RICO |
| | FDCP |
| *Claimant,* | TILA |
| v. | 42 U.S.C. 1983 |
| | RESPA |
| Guild Mortgage: | |
| Represented By Halliday, Watkins, & Mann | |
| *Defendants.* | Civil Case No: 23-CV-242-SWS |

Claimant, Gregory Lee King D'Arezzo shall be referred to as "Claimant" hereafter, complaining of the Defendants as named above, and each of them respectfully would show unto this Court as follows:

### I. The Parties

1. Claimant is now, and at this time lives in the county of Converse, in the State of Wyoming and is a "consumer" as that term is defined by 15 USC 1681a(c).
2. Cherry Creek Mortgage was acquired by Guild Mortgage as of 3/13/23. Cherry Creek Mortgage is the creator of all the mortgage paperwork.
3. Defendant Guild Mortgage is a debt collector pursuant to 15 USC 1692a(6). Guild Mortgage is a third-party servicer of the alleged loan.
4. Halliday, Watkins, & Mann, are representing Guild Mortgage.

## II. Jurisdiction

5. This Court has subject matter jurisdiction over this case under the authority of 28 USC 1331. Federal question jurisdiction : under title 18 USC 1964(a)&(c), 18 USC 513, 18 USC 1341, 18 USC 1961, and 18 USC 1962, civil racketeering: under title 12 USC 2605 RESPA in that it seeks to recover damages and secure equitable relief under an ACT of Congress: under title 15 USC 1681p, under title 28 USC 2201, to secure declaratory relief from imminent deprivations of claimants right to property: and based on the testimony of competent witnesses demonstrating the factual sufficiency of the complaint and the nexus of all respondents actors to federal statutes articulating civil and criminal wrongs, and claimants reliance upon common law authorities including doctrines of the United States Supreme Court. This action is timely as the fraud perpetrated by Defendants Guild Mortgage and Halliday, Watkins, & Mann was discovered well within the presumptive statute of limitations on or about December of 2023.

6. Venue is proper in this district under 28 USC 1391(b) because Claimant resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## III. Notice to the Court

7. Congress, in enacting civil racketeering laws, intended that persons such as the Claimant are able to bring this action as private attorney generals. See Agency Holding Corp. v. Malley-Duff & Associates, 107 Supreme Court 2759, 483 U.S. 143.151 (1987) and Rotella V. Wood et al., 528 U.S. 549 (2000).

8. Claimant is not a member of the bar association and are proceeding pro se in this action. Furthermore, the courts have held that action that is brought by sovereign individuals, is not to be held to the same high standards as action brought by licensed attorneys and that they are entitled to present evidence in support of their claims however artfully pled. See Haines V. Kerner (1972) 404 U.S. 519. All that is required is that the pleadings be in a format that "any reasonable person could understand" which this conforms to.

## IV. Introduction

2

9. This is an action brought by the Claimant for declaratory judgment, equitable relief, and for compensatory. Special, general, and punitive damages.
10. Claimant disputes the title and ownership of the real property in question (All of Lot e 1/2 of lot 1 block 1, Sandford subdivision in west Douglas addition) According to the official plat thereof on file and of record in the office of the recorder, Converse County, Wyoming to which reference is hereby made for all pertinent purposes; and bearing the address of 200 South Russell Avenue, Douglas, Wyoming 82633 the ("property") which is the subject of this action.
11. Claimant is the owner of record of said land as noted by the land patent (letters patent) recorded with the Converse County recorder when the Claimant became the landowner. The patent is prima facie conclusive evidence of title, See: Marsh V. Brooks, 49 US 223,224. In Federal Courts the Land Patent is held to be foundation of title at law, See: Fenn V. Holmes, 62 US 21 How. 481 481 (1858). See: Wineman v. Gastrell, 54 FED 819, 2 US App. 581.
12. The originating mortgage lender (Cherry Creek Mortgage) and others alleged to have ownership of Claimant's mortgage Note and/or Deed of Trust, have unlawfully sold, assigned, and or transferred their ownership and security interest in the Promissory Note and trust related to the property which is described in detail herein. For these reasons, the Court should quiet title to the property in Claimant's name. The Note and mortgage are separated. the former as essential, the latter as an incident. An assignment of the carries the mortgage with it, while an assignment of the latter alone is nullity. See: Carpenter V. Logan, 83 US 271, 274 (1872). See: Glaski v. Bank of America, 218 Cal.App 4th 1079 (2013) 160 Cal. Rptr.3d 449.
13. Additionally, Claimant brings causes of action against all Defendants for declaratory relief, civil RICO, FDCP, TILA, 42 USC 1983, and violations of RESPA, upon the facts and circumstances surrounding Claimant's original loan transaction. Defendant's violations of these laws are additional reasons this Court should quiet title in Claimant's property, and award damages. Rescission, declaratory judgment, and other relief as requested below.
14. Claimant alleges that the Defendants seeking a non-judicial foreclosure is in fact depriving the Claimant of his fifth amendment rights by depriving him of his property without the due process of the law.
15. The Claimant asserts that although the Defendants did, in fact, fail to reply to the Claimants' affidavits during an administrative procedure, Defendants still consented to the aforementioned tacit agreement by their silence.

16. Claimant alleges Cherry Creek Mortgage had a waiver of rights in the Deed of Trust which is a violation of 15 USC 1693I.
17. Claimant alleges that Cherry Creek Mortgage & Guild Mortgage refused to validate the loan in accordance with GAAP 12 USC 1831n(2)(a), and which by doing so violates 15 USC 1611.
18. Claimant alleges that Cherry Creek Mortgage & Guild mortgage refused to provide Claimant with copies of the IRS forms 1098 and 1065, Federal Reserve form 2048 and they refused to provide the Money Net daily log transaction report 120.
19. Claimant alleges that the Defendant's violated the Gramm-Leach Bliley Act and never disclosed the option to opt out of having personal information disclosed, by doing so violates the 4Th amendment right to be secure in person, papers, and property. And according to 15 USC 6802, a financial institution may not disclose nonpublic personal information to nonaffiliated third-party.
20. The Claimant exercised their right of rescission in order to prevent further losses and damages. The Claimant's right of rescission under 15 USC 1635(b) was sent to Cherry Creek Mortgage by registered mail on October 16, 2023, yet the Claimant never received a response.
21. Claimant asserts that Cherry Creek Mortgage failed to provide the HUD-mandated forms, namely the H8 and/or H9 form, at closing.
22. Halliday, Watkins & Mann denied Claimant's right of rescission, and proceeded to foreclose on the property. See: Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259 (2015).
23. According to 18 USC 1951, Cherry Creek Mortgage and Guild Mortgage are associations that have an impact on interstate commerce. They have created and used fake debt documentation to extract property from the Claimant. Agents whose actions make it evident that they are predicate actors working for Cherry Creek Mortgage and Guild Mortgage were aware that the claims made against the Claimant to take away assets valued at more than $225,000.00 were based on fictitious proof of debt.
24. Claimants allege that Defendants, and each of them, cannot show proper receipt, possession, transfer, negotiations, assignments and ownership of Claimants original Promissory Note and Deed of Trust, resulting in imperfect security, interest and claims.
25. Claimant further allege that Defendants, and each of them cannot establish possession and proper transfer and or endorsement of the Promissory Note and proper assignment of the Deed of Trust herein; therefore, none of the Defendants have perfected any claim of title or

4

security interest in the property. Defendants and each of them, do not have the ability to establish that the mortgage that secures the indebtedness, or Note were legally or properly acquired.

26. Claimant, in this complaint, testify to injury to property by reason of acts which violate section 4 of the Clayton Act. See Attick v. Valeria associates L.P. S.D.N.Y 1992, 835 F. Supp 103. Claimant has articulated violations of racketeering laws, testified that the violations injured property warranting treble damages. See Avirgan v. Hull C.A. 11 (Fla.) 1991, 932F.2d 1572 In naming Cherry Creek Mortgage, Guild Mortgage and Halliday, Watkins & Mann have established that an enterprise exists which undeniably affects interstate commerce. See Yellow Bus Lines Inc. v. Drivers, Chauffeurs & Helpers Local Union 639, C.A.D.C. 1990, 913 F.2d 948, 286 U.S. App. D.C. 182, Cetiorari denied 111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d 1007. Claimant has standing to sue under Racketeer Influenced and Corrupt Organizations Act ("RICO") and has shown violations of RICO, injury to property, and causation of the injury by violations. See: Hecht v. Commerce Clearing House, Inc C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100 A.L.R. Fed. 655. Claimant has perfected a RICO claim by showing the existence of RICO enterprise.

27. As result, Claimant allege that an actual controversy has arisen and now exists between the Claimant and Defendants and each of them. Claimant desires a judicial determination and declaration of their rights with regard to the property and the corresponding Promissory Note and the Deed of Trust.

## V. Factual Allegations

28. On November 29th, 2022 (hereinafter referred to as "closing date") Claimant entered into a consumer transaction with Cherry Creek Mortgage (at the time they were their own corporation) with the intent to obtain $225,000.00 mortgage loan secured by Claimants principal residence (subject property) this Note secured by a first Deed of Trust on the property in favor of Cherry Creek Mortgage.

29. Claimant alleges that Cherry Creek Mortgage was not present at the signing nor was any representative agent for Cherry Creek Mortgage. Indicating no disclosure was given.

30. Claimant alleges the notary stated that the Claimant had to sign all the paperwork a certain way if the Claimant failed to do so no loan would be given. The Claimant also alleges the

5

notary stated that they could not give the Claimant legal advice when he was questioning the paperwork. Indicating no disclosure was given.

31. Claimant alleges that the notary stated they had to mail the paperwork to Cherry Creek Mortgage for review before any funds would be released. Indicating that the Promissory Note has false statements in it. (For this loan that I have received).

32. Claimant alleges all paperwork was notarized before Claimant was there.

33. The claimant states that there was no money present during the signing and that they have yet to receive any documentation proving a transaction ever took place.

34. Claimant alleges there is no Promissory Note filed at the Converse County Clerk's Office. Indicating the Note and Deed of Trust are separated.

35. Claimant has sent multiple Qualified Written Request's (QWR) for the money audit trail 12 USC 5562c(10). With no response.

36. Claimant has sent multiple cease and desist letters to Guild Mortgage and to Halliday, Watkins, & Mann.

37. Claimant alleges that Cherry Creek Mortgage has called and emailed Claimant in a attempt to coerce Claimant into signing a new Promissory Note on September 11th 2023 and on September 12th 2023.

38. Claimant received on multiple occasions, demand(s) for money made through the United States Postal Service, Defendants claimed to have a valid claim against Claimant's property, who were the lawful owners of the Promissory Note and Deed of Trust.

39. Using the demands which were forced on the Claimant through the United States Postal Service as well as numerous harassing phone calls, beginning on or around August of 2023.

40. Claimants have immediate apprehension of being perpetually victimized by the same predicate actors. As such. Claimant damages will be ongoing and continuous unless abated.

## VI. First Cause of Action:
## Lack of Standing to Foreclose

A.  **No Defendant has Standing to Foreclose**

41. Claimant re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

42. An actual controversy has arisen and now exists between Claimant and Defendants specified herein above regarding their respective rights and duties, in that Claimant contend that Defendants and each of them, do not have a right to foreclose on the property because Defendants, and each of them, have failed to perfect any security interest in the property, or cannot prove to this Court that they have a valid interest. Thus, the purported power of sale by the mentioned Defendants, no longer applies.

43. Federal Rules of Evidence: Rule 1002 – Requirement of the Original IRS Form 4490 the mortgage security agreement, the Note was not deposited in a Real Estate Investment Trust (REIT). The mortgage is simply the security agreement which is signed fraudulently because Defendants failed to disclose. 15 USC § 78c Section 10; the Promissory Note is a security; it is not a Promissory Note. A Promissory Note cannot exceed the life span of nine months. Claimant has a thirty-year Note. It is not a Note, it's an Article 9 security. Redeemable securities: accounting standards code 480. UCC 8-102 the entitlement right to the funding source which is the signature. FinCen 114 - signature authority.

44. The National Currency Act Sections 27,28 & 53; Banks are not allowed to loan their own credit, nor are they allowed to loan money. They cannot lend their depositor's money. The National Bank Act specifically states that banks cannot hold a Note.

45. Claimant alleges that the Defendants refused to provide the money net daily log 120. Which in applies that no money was lent, See: 12 USC 1431(A), A financial institution cannot loan its credit see: Bowen v. Needles Nat. Bank, 94 F 925 36 CCA 553 certiorari denied in 20 S.Ct 1024, 176 US 682, 44 LED 637, Miners Bank v. Bluefield Nat'l Bank 11 F 2d 83, 271 U.S. 669

46. Claimant alleges that the only individual who has standing to foreclose is the Note holder of the original Note because they have a beneficial interest.

47. Claimant requests that this court find that the purported power of sale contained in the Note and Deed of Trust has no force and effect at this time, because Defendant's actions in the processing, handling, and attempted foreclosure of this alleged loan.

   B. **Defendant Guild Mortgage Cannot be a Real Party in Interest in this Instance**

48. Claimant re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

49. The Note in this action identifies the entity to whom it was payable, the original lender. Therefore, the Note herein cannot be transferred unless it is endorsed; the attachments to the notice of default do not establish that endorsements were made, nor are there any other notices which establish that the original lender endorsed and sold the Note to another party.

50. Defendants, and each of them, cannot produce any evidence that the Promissory Note has been transferred; therefore, Defendant Guild Mortgage could only transfer whatever interest it had in the Deed of Trust herein. The Promissory Note and Deed of Trust are inseparable: an assignment of the Note carries the Mortgage (i.e., Deed of Trust) with it, while an assignment of the Deed of Trust alone is a nullity. See: *Carpenter v. Longan (1872)* 83 U.S. 271. *Miller v. Deutsche Bank Nat'l Trust Co.* (In re Miller) (10th Cir. 2012) 666 F.3d 1255. Therefore, if one party receives the Note and another party receives the Deed of Trust (as in this case), the holder of the Note prevails regardless of the order in which the interests were transferred.

51. Defendant Guild Mortgage has failed to submit documents authorizing Guild Mortgage, as nominee for the original lender, to assign the subject mortgage to the foreclosing trustee. Hence, Guild Mortgage lacked authority as mere nominee to assign Claimant's mortgage, making any assignment by Guild Mortgage defective.

52. Any attempt to transfer the beneficial interest of a trust deed without actual ownership of the underlying Note, is void under law. Therefore, Defendant Guild Mortgage cannot establish that it is entitled to assert a claim in this case. For this reason, as well as the other reasons set forth herein below, Guild Mortgage cannot transfer an interest in real property, and cannot recover anything from Claimant.

53. The Deed of Trust does not constitute title to real property, nor does it convey title to property. See: Slemmons v. Massie, 1984-NMSC-108, 102 N.M. 33. 690 P.2d 1027 – Smith v. Bank of America N.A 2012 NY Slip Op 08718.

54. Claimant alleges that Defendants failed to make a claim contesting the land patent during public notice during the months of May 26th, 2023, through July 26th, 2023. Cherry Creek Mortgage did not contest Claimant's verbal notice of inquiring the land patent around October 2022 and again in November of 2022. Therefore, laches or estoppel has occurred. See: Burke v. Southern Pacific R.R. Co., 234 U.S. 669 (1914), Beadles v. Smyser, 209 U.S. 393 (1908), Summa Corp v. California (466 U.S. 1984).

## VII.  Second Cause of Action

### Violation of the Gramm-Leach-BLILEY Act

55. Claimant re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.
56. Claimant alleges that Defendants have violated the Gramm Leach Bliley act by disclosing nonpublic personal information to non-affiliated third parties.
57. Claimant alleges that the Defendants have not complied with 16 CFR 313.10 (ii) and (iii) and 15 USC 6802(B) and (c) therefore they have caused harm to Claimant's intellectual property. Defendants refuse to respond to Claimant's demands to opt out. 15 USC 1692k(a)(2)(q) and 15 USC 1692k(a)(2)(a) allows the court to give relief.
58. Defendants intended to induce Claimant based on these misrepresentations and improper disclosures.

## VIII.. Third cause of action

### Violation to a right of recession

59. Claimant alleges that Cherry Creek Mortgage did not respond to Claimant's right of rescission around April of 2023 and again in October of 2023.
60. Cherry Creek Mortgage is aware of HUD regulations and Regulation Z. Cherry Creek Mortgage did not provide any disclosure according to 15 USC 1635(a) therefore the Claimant had the right to resend according 15 USC 1635(f).  Cherry Creek Mortgage violated the right of rescission 15 USC 1635(g). which grants this court the right to award relief under 15 USC 1640.
61. Cherry Creek Mortgage by not complying with the right of rescission, they are in breach of their fiduciary duty under UCC 3-307. Which grants this court the right award relief under 15 USC 1 and 15 USC 2.

## IX.. Fourth Cause of Action

### Denying Claimants' Right to Pay With Lawful Money

62. Claimant alleges that the previous servicer denied Claimant's right to pay in silver coin. Which in turn violates Claimant's first amendment right, article one, section ten of the united states of America constitution, the State of Wyoming constitution, and Wyoming coinage act. By denying Claimant's payments they are in violation of UCC 1-306.
63. Claimant alleges Defendants are aware of the transactions and the Defendant's concealment of transactions have and will continue to profit from it.

## X. Fifth Cause of Action

### Slander of Title

64. Claimant re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.
65. Claimant incorporate here each and every allegation set forth above. Defendants, and each of them, disparaged Claimants' exclusive valid title by and through the preparing, posting, publishing and recording of documents previously described herein, including, but not limited to, the Notice of Default and Trustee's Deed.
66. Said Defendants knew or should have known that such documents were improper in that at the time of execution and delivery of said documents. Defendants had no right, title, or interest in the property. These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Claimants' legal title to the property. By preparing, posting, publishing, and recording said documents, Defendants "disparagement of Claimants" legal title was made known to the world at large.
67. As a direct and proximate result of Defendants' conduct in publishing these documents, Claimants' title to the property has been disparaged and slandered, and there is a cloud on Claimants' title, and the Claimant have suffered, and continue to suffer, damages in an amount to be proven at trial.
68. As a further proximate result of Defendant's conduct, Claimant has incurred expenses in order to clear title to the property. Moreover, these expenses are continuing, and Claimant will incur additional charges for such purpose until the cloud on Claimants' title to the property has been removed. The amounts of future expenses and damages are not ascertainable at this time.
69. As a further and direct proximate result of all of Defendants' conduct, Claimant has suffered humiliation, mental anguish, anxiety, depression, and emotional and physical

distress, resulting in the loss of sleep and other injuries to their health and well-being, and continue to suffer such injuries on an ongoing basis. The amount of such damages shall be proven at trial.

70. At the time that the false and disparaging documents were created and published by the Defendants, and each of them, Defendants knew the documents were false and created and published them with malicious intent to injure Claimant and deprive them of their exclusive right, title, and interest in the Property, and to obtain the Property for their own use by unlawful means.

71. The conduct of the Defendants in publishing the documents described above was fraudulent, oppressive, and malicious. Therefore, Claimants are entitled to an award of punitive damages in an amount sufficient to punish Defendants for their malicious conduct and to deter such misconduct and to deter such misconduct in the future.

## XI. Sixth Cause of Action

### Quiet Title

72. Claimant re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

73. Claimant's title to the above-described property is derived as follows: On or about November 29, 2022, (hereinafter referred to as "Closing Date") Claimant entered into a consumer credit transaction with Cherry Creek Mortgage by obtaining a $225,000.00 mortgage loan secured by Claimant's principal residence, (subject property). This Note was secured by a First Deed of Trust on the Property in favor of Cherry Creek Mortgage.

74. All Defendants named herein claim an interest and estate in the Property adverse to Claimant in that Defendants assert that they are the owners of the Note secured by the Deed of Trust to the property, the subject of this suit.

75. This claim of all Defendants are without any right whatsoever, and Defendants have no right, estate, title, lien, or interest in, or to, the property or any part of the property.

76. The claim of all Defendants herein named, and each of them, claim some estate, right, title, lien, or interest in or to the property adverse to Claimants' title, and these claims constitute a cloud on Claimants' title to the property.

77. Claimant therefore, allege, that none of the parties to possess the original Note nor any of the Defendants in this case, hold a perfected and secured claim in the property: and that all

Defendants are estoppel and precluded from asserting an unsecured claim against Claimants' estate.

78. Claimants request the decree permanently enjoining Defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to Claimant's title to the property; and

79. Claimants request the Court award Claimants costs of this action, and such other relief as the Court may deem just and proper.

## XII. Seventh Cause of Action

### Declaratory Relief

80. Claimant re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.
81. An actual controversy has arisen and now exists between Claimant and Defendants concerning their respective rights and duties regarding the Note and Trust Deed.
82. Claimants contend that pursuant to the Loans, Defendants do not have authority to foreclose upon and sell the Property.
83. Claimant therefore requests a judicial determination of the rights, obligations, and interest of the parties with regard to the Property.
84. Claimant requests a determination of the validity of the trust deeds as of the date the notes were assigned without a concurrent assignment of the underlying trustees.
85. Claimant requests a determination of the validity of the notice of default.
86. Claimant requests a determination of whether any Defendant has authority to foreclose on the Property.
87. Claimant requests all adverse claims to the real property and must be determined by the decree of this Court.
88. Claimant requests the decree declare and adjudge that Claimants own in fee simple and is entitled to the quiet and peaceful possession of, the above describe real property.
89. Claimant requests the decree declare and adjudge that Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or the real property or any part of the Property.

## XIII. Eighth Cause of Action

### Violation of 18 U.S.C. § 1961 *et seq.*
### (Racketeer Influenced and Corrupt Organizations)

90. Claimant re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.
91. Defendants, and each of them, are each "persons" within the meaning of the Racketeer Influenced and Corrupt Organizations Act ("RICO").
92. The Defendants are each an "enterprise" within the meaning of RICO, the activities of which affect interstate commerce.
93. By virtue of the predicate acts described in this complaint, including without limitations: engaging in predicate acts of mail fraud, manufacturing false evidence of indebtedness, engaging in activities to collect said false evidence of indebtedness, and engaging in monetary transactions improperly derived from unlawful activity, Defendants, and each of them, transferred, received, and/or supplied financing and income that was derived, both directly and indirectly, from a pattern of racketeering activity in which each of the Defendants participated in as principals and used and invested, both directly and indirectly, such income and the proceeds of such income, in establishing and operating a racketeering enterprise in violation of 18 U.S.C. § 1962(a).
94. As a direct and proximate result of Defendants' violation of 18 U.S.C. § 1962(a), Claimant suffered the loss of valuable property, financial services, and support, and suffered other pecuniary damages.
95. By reason of the wrongful conduct of the Defendants, each and every one of them, jointly and severally, Claimant suffered conscious pain, suffering, severe emotional distress, and have suffered pecuniary and economic damage, and other mental and physical injuries.
96. Claimant demands that judgement be entered against the Defendants, each and every one of them, jointly and severally, including an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, pre-judgment interest, costs, and an award in excess of $1,200,000.00 for actual compensatory, trebled in excess of $3,600,000.00 and other such relief as the Court may deem just and proper.

## XIV. Ninth Cause of Action

### Violation of RESPA, 12 U.S.C. § 2601 *et seq.*

97. Claimant re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

98. The loan to Claimant was a federally regulated mortgage loan as defined in RESPA.

99. Housing and Urban Development's (HUD's) 1999 Statement of Policy established a two-part test for determining the legality of lender payments to mortgage brokers for table funded transactions and intermediary transactions under RESPA:

    a. Whether goods or facilities were actually furnished, or services were actually performed for the compensation paid and;

    b. Whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed.

100. In applying this test, HUD believes that total compensation should be scrutinized to assure that it is reasonably related to the goods, facilities, or services furnished or performed to determine whether it is legal under RESPA. The interest and income that the Defendants have gained is disproportionate to the situation the Claimant finds themselves in due directly to Defendants' failure to disclose that they will gain a financial benefit while Claimant suffers financially as a result of the loan product sold to Claimant.

101. Defendants violated RESPA because the payments between the Defendants were misleading and designed to create a windfall. These actions were deceptive, fraudulent, and self-serving.

102. As a proximate result of Defendants' actions, Claimant has been damaged in an amount not yet ascertained, to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Claimant will ask for the following for each Cause of Action to be awarded:

### FIRST CAUSE OF ACTION – LACK OF STANDING TO FORECLOSE

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;
4. For Punitive Damages as allowed by law;
5. For Restitution as allowed by law;
6. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

   a. Claimant is the prevailing party;
   b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the property;
   c. The Sponsor has no enforceable secured or unsecured claim against the property;
   d. The Depositor has no enforceable secured or unsecured claim against the property;
   e. The Mortgage originator has no enforceable secured or unsecured claim against the property;
   f. Determines all adverse claims to the real property in this proceeding;
   g. Claimant is entitled to the exclusive possession of the property;
   h. Claimants own in fee simple, and are entitled to the quiet and peaceful possession of the above-described real property;
   i. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## SECOND CAUSE OF ACTION – VIOLATION OF THE GRAMM-LEACH BLILEY ACT

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;
4. For Punitive Damages as allowed by law;
5. For Restitution as allowed by law;

## THIRD CAUSE OF ACTION – VIOLATION TO A RIGHT OF RESCISSION

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;

15

4. For Punitive Damages as allowed by law;
5. For Restitution as allowed by law;

## FOURTH CAUSE OF ACTION – DENYING CLAIMANTS' RIGHT TO PAY WITH LAWFUL MONEY

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;
4. For Punitive Damages as allowed by law;
5. For Restitution as allowed by law;

## FIFTH CAUSE OF ACTION – SLANDER OF TITLE

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;
4. For Punitive Damages as allowed by law;
5. For Restitution as allowed by law;
6. For Declaratory Relief, including but not limited to the following Decrees of this Court that:
    a. Claimant is the prevailing party;
    b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the property;
    c. The Sponsor has no enforceable secured or unsecured claim against the property;
    d. The Depositor has no enforceable secured or unsecured claim against the property;
    e. The Mortgage originator has no enforceable secured or unsecured claim against the property;
    f. Determines all adverse claims to the real property in this proceeding;
    g. Claimant is entitled to the exclusive possession of the property;
    h. Claimants own in fee simple and are entitled to the quiet and peaceful possession of the above-described real property;

    i. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## SIXTH CAUSE OF ACTION – QUIET TITLE

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;
4. For Punitive Damages as allowed by law;
5. For Restitution as allowed by law;
6. For Declaratory Relief, including but not limited to the following Decrees of this Court that:
   a. Claimant is the prevailing party;
   b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the property;
   c. The Sponsor has no enforceable secured or unsecured claim against the property;
   d. The Depositor has no enforceable secured or unsecured claim against the property;
   e. The Mortgage originator has no enforceable secured or unsecured claim against the property;
   f. Determines all adverse claims to the real property in this proceeding;
   g. Claimant is entitled to the exclusive possession of the property;
   h. Claimants own in fee simple, and are entitled to the quiet and peaceful possession of the above-described real property;
   i. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## SEVENTH CAUSE OF ACTION – DECLARATORY RELIEF

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;

3. For General Damages in an amount to be determined by proof at trial;
4. For Punitive Damages as allowed by law;
5. For Restitution as allowed by law;
6. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

   a. Claimant is the prevailing party;

   b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the property;

   c. The Sponsor has no enforceable secured or unsecured claim against the property;

   d. The Depositor has no enforceable secured or unsecured claim against the property;

   e. The Mortgage originator has no enforceable secured or unsecured claim against the property;

   f. Determines all adverse claims to the real property in this proceeding;

   g. Claimant is entitled to the exclusive possession of the property;

   h. Claimants own in fee simple, and are entitled to the quiet and peaceful possession of the above-described real property;

   h. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## EIGHTH CAUSE OF ACTION – VIOLATION OF 18 U.S.C. § 1961 *et seq.*

1. For Compensatory Damages of $1,200,000.00 actual damages, trebled to $3,600,000.00;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;
4. For Punitive Damages as allowed by law;
5. For Restitution as allowed by law;

## NINTH CAUSE OF ACTION – VIOLATION OF RESPA 12 U.S.C. § 2601 *et seq.*

1. For Compensatory Damages in an amount to be determined by proof at trial;

18

2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;
4. For Punitive Damages as allowed by law;
5. For Restitution as allowed by law;
6. For Declaratory Relief, including but not limited to the following Decrees of this Court that:
    a. Claimant is the prevailing party;
    b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the property;
    c. The Sponsor has no enforceable secured or unsecured claim against the property;
    d. The Depositor has no enforceable secured or unsecured claim against the property;
    e. The Mortgage originator has no enforceable secured or unsecured claim against the property;
    f. Determines all adverse claims to the real property in this proceeding;
    g. Claimants are entitled to the exclusive possession of the property;
    h. Claimants own fee simple, and are entitled to the quiet and peaceful possession of the above described real property;
    i. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

TRIAL BY JURY DEMANDED

*RESPECTFULLY SUBMITTED THIS 5th Day of January, 2024.*

_____
Gregory Lee King D'Arezzo
*Claimaint*

SWORN BEFORE ME, the undersigned notary for the State of Wyoming, on this day personally appeared Gregory Lee King D'Arezzo, who affixed his signature to the above motion and has personal knowledge of the facts and matters therein, and that each and all facts and matters are true and correct and sworn to under penalties of perjury of the People of Wyoming and the united states of America.

STATE OF WYOMING           )

COUNTY OF NATRONA       )

Sworn to and signed before me on this 5th day of January, 2024.

*[Notary seal: CINDY HLADKY - NOTARY PUBLIC, COUNTY OF NATRONA, STATE OF WYOMING, MY COMMISSION EXPIRES SEP 29, 2024]*

_Cindy Hladky_
NOTARY PUBLIC

\_\_\_\_\_Personally known

\_\_\_\_\_Produced identification

Type of identification produced  Wy License
                                  USA Passport

20