Gregory Lee King D'Arezzo

200 South Russell Avenue

Douglas, Wyoming 82633

Plaintiff, *in esse, In Propria Persona*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2025 OCT -8 AM 10: 31

MARGARET BOTKINS, CLERK
CASPER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| Gregory Lee King D'Arezzo, | Civil Number: 1:23-cv-00242-SWS |
|---|---|
| Plaintiff, | |
| v. | |
| GUILD MORTGAGE COMPANY, et al, | |
| Defendant. | |

**PLAINTIFF'S COMBINED MOTION FOR ENTRY OF DEFAULT, DEFAULT JUDGMENT, AND RELIEF FROM VOID SUMMARY JUDGMENT DUE TO UNREBUTTED FRAUD**

NOW COMES Plaintiff, appearing pro se pursuant to 28 U.S.C. § 1654, and respectfully move this Court for: (1) Entry of Default under Fed. R. Civ. P. 55(a); (2) Default Judgment under Fed. R. Civ. P. 55(b); and (3) Relief from a Void Summary Judgment under Fed. R. Civ. P. 60(b)(3) and (4). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and/or § 1332, and the Federal Rules are authorized under 28 U.S.C. § 2072.

**I. BACKGROUND**

1. On September 15, 2025, Plaintiff filed Objections/ Fraud Upon the court and properly served Defendant(s) on the same day.

2. Pursuant to Fed. R. Civ. P. 12(a), Defendant(s) were required to file a responsive pleading within 14-21 days.

3. As of today, Defendant(s) have failed to plead, rebut, or otherwise defend.

4. Separately, on September 25, 2024, this Court entered a summary judgment against Plaintiff. Said judgment is constitutionally defective and void.

**II. LEGAL STANDARD**

5. Rule 55(a) requires the Clerk to enter default when a party "has failed to plead or otherwise defend."

6. Rule 55(b) authorizes the Court to enter default judgment after default is entered.

7. Rule 60(b)(4) provides that a court may set aside a judgment if it is void for lack of jurisdiction or violation of due process. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

8. Rule 60(b)(3) allows relief from a judgment obtained by fraud, misrepresentation, or misconduct of an opposing party.

9. Judgments obtained by fraud upon the court are nullities. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); United States v. Throckmorton, 98 U.S. 61 (1878); Bulloch v. United States, 763 F.2d 1115 (10th Cir. 1985).

**III. ARGUMENT**

A. Entry of Default (Rule 55(a))
10. Defendant(s) have failed to plead or otherwise defend. Entry of default is therefore mandatory.

B. Default Judgment (Rule 55(b))
11. A default is treated as an admission of well-pleaded allegations. Thomson v. Wooster, 114 U.S. 104, 113 (1885); Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Plaintiffs are entitled to judgment on their claims.

C. Void Summary Judgment (Rule 60(b)(4))
12. The prior summary judgment is void ab initio because the rendering court lacked jurisdiction and/or violated due process, contrary to Espinosa, 559 U.S. at 271. A void judgment has no legal force and may be set aside at any time. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

D. Fraud on the Court (Rule 60(b)(3))
13. Plaintiffs have alleged specific acts of fraud, misrepresentation, and misconduct in the

prior proceedings, including violations of federal statutes (12 U.S.C. §§ 371, 375a, 375b, 84; 18 U.S.C. §§ 1005, 1014), ultra vires conduct, improper reliance on state foreclosure procedures, and fraudulent chain of title misrepresentations. Additionally, under the UCC, Defendant(s) cannot enforce a note without lawful possession, consideration, collateral, and perfection.

E. Lost/Destroyed Note Defense
14. Defendant(s) have claimed that the original promissory note has been destroyed. Under UCC § 3-309, enforcement requires proof of entitlement to enforce, non-transfer loss, and evidence of the note's terms, plus adequate protection against double liability under § 3-309(b). Defendant(s) failed to satisfy these elements. Reliance on self-serving 'lost note affidavits' constitutes unrebutted fraud upon the Court.

F. Constitutional Due Process and Judicial Duty
15. Proceeding without jurisdiction or ignoring unrebutted fraud deprives Plaintiff of the constitutional right to due process under the Fifth and Fourteenth Amendments. Jurisdictional defects are structural errors that cannot be waived. See Pennoyer v. Neff, 95 U.S. 714 (1878). Further, judicial bias or refusal to address material fraud violates the Due Process Clause. See Tumey v. Ohio, 273 U.S. 510 (1927). Plaintiffs' First Amendment right to petition the government for redress of grievances is also implicated. Ignoring these violations could expose the proceedings to reversal on appeal and liability under 42 U.S.C. § 1983.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff(s) respectfully request that this Court:
1. Direct the Clerk to enter Default under Rule 55(a);
2. Enter Default Judgment in Plaintiff(s)' favor under Rule 55(b), awarding:
    - **Declaratory Judgement** that Defendants lack standing, jurisdiction, or statutory authority to enforce the alleged mortgage obligation.
    - **Permanent Injunction** restraining Defendants from initiating or attempting enforcement in any manner whatsoever.
    - **Quiet Title** relief declaring Plaintiff the lawful title holder of 200 S. Russell Ave. Douglas, Wyoming, free and clear of any lien or encumbrance claimed by Defendants.
    - **Restitution and Disgorgement** of any sums wrongfully collected.
    - **Damages**: compensatory, statutory, and treble damages under FDCPA, TILA, RESPA and RICO.
    - **Civil Penalties** under **12 U.S.C. § 1847** of up to $100,000 per day for knowing violations and $1,000,000 per day for violations with intent to defraud.
    - **Referral to Federal Regulators** (FDIC, OCC, SEC) for enforcement and oversight action under 12 U.S.C. § 501a, 1843, 1813(u).
    - **Costs of Action** and such other relief as Court deems just and proper.

3. Declare VOID the prior summary judgment entered on September 25, 2024, in pursuant to Fed. R. Civ. P. 60(b)(3) and (4), due to unrebutted fraud and lack of jurisdiction;

4. Recognize that failure to address these jurisdictional and constitutional defects would constitute denial of due process, judicial bias, and violation of Plaintiffs' First and Fourteenth Amendment rights;

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 8, 2025

*[signature]*

Gregory Lee King D'Arezzo

Plaintiff, In Propria Persona

200 South Russell Avenue

Douglas, Wyoming 82633

**CERTIFICATE OF SERVICE**

I, Gregory Lee King D'Arezzo, hereby certify that on this 8th day of October, 2025, a true and correct copy of the foregoing Plaintiff's Combined Motion for Entry of Default, Default Judgment, and Relief from Void Summary Judgment Due to Unrebutted Fraud was served upon the following by depositing the same in the United States Mail addressed as follows:

Counsel for Defendants:
Benjamin Mann

Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111

Respectfully submitted,

Gregory Lee King D'Arezzo
Plaintiff, In Propria Persona
200 South Russell Avenue
Douglas, Wyoming 82633