

**FILED**

**10:38 am, 11/7/25**

**Margaret Botkins
Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

GREGORY LEE KING D'AREZZO,

       Plaintiff,

  VS.

                                    Case No.  23-CV-0242-SWS

GUILD MORTGAGE COMPANY,

       Defendant,

---

### ORDER DENYING PLAINTIFF'S MOTION "FOR ENTRY OF DEFAULT, DEFAULT JUDGMENT, AND RELIEF FROM VOID SUMMARY JUDGMENT DUE TO UNREBUTTED FRAUD"

This matter comes before the Court on Plaintiff Gregory Lee King D' Arezzo's pro se Motion "For Entry of Default, Default Judgment, and Relief from Void Summary Judgment due to Unrebutted Fraud" filed October 8, 2025. (ECF No. 53.) Defendant Guild Mortgage Company responded with a Memorandum in Opposition to Plaintiffs motion on October 22, 2025. (ECF No. 55.) Plaintiff untimely replied on October 30, 2025. (ECF No. 56.)

### BACKGROUND

Plaintiff[1] originally brought this action against Defendant Guild Mortgage Company over the enforcement of a loan for a single-family residence located at 200 South Russell Avenue, Douglas, Wyoming 82633 (the "Property"). (ECF No. 2 at 3.)

---

[1] As Plaintiff is appearing pro se this Court will construe his filings liberally, but will not supply additional factual allegations or serve as his advocate. *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Cherry Creek Mortgage, the originating mortgage lender, provided a loan to Plaintiff for the Property and later transferred and assigned their interest in that loan to Defendant. (ECF No. 5 at 1.) Plaintiff then filed this action claiming that the loan and mortgage were unlawfully transferred and assigned, and that Defendant's foreclosure action on the Property is unlawful. (ECF No. 2.)

Plaintiff filed his Amended Complaint on January 5, 2024 (*id.*), bringing nine causes of action: (1) Guild lacks standing to foreclose on the Property, (2) Guild violated the Gramm-Leach-Bliley Act by disclosing nonpublic personal information to non-affiliated third parties, (3) D'Arezzo was denied the right to rescind the mortgage transaction, (4) D'Arezzo was denied the right to pay his mortgage payment in (a) silver coin, (5) Guild slandered D'Arezzo's title to the Property by posting and publishing a Notice of Default and Trustee's Deed, (6) D'Arezzo seeks quiet title to the Property, (7) D'Arezzo requests declaratory relief, (8) a civil RICO claim under 18 U.S.C. § 1961 et seq. against Guild, and (9) a violation of the Real Estate Settlement Procedures Act. (ECF No. 2 at 6-14.) Defendant timely filed its Answer on January 30, 2024. (ECF No. 5.)

D'Arezzo then brought a Summary Judgement Motion, alleging that Guild failed to meet a variety of procedural requirements in its Answer. (ECF No. 7.) This Court denied the motion because D'Arezzo failed to show that an award of summary judgement was appropriate as a matter of law. (ECF No. 43).

Subsequently, D'Arezzo and Guild filed cross motions for summary judgement. (ECF No. 10, 18.) This Court granted Defendant's Motion for summary judgment and

denied Plaintiff's Motion for summary judgement, reasoning that Defendant is entitled to summary judgment on Plaintiff's claims and is legally entitled to enforce the Note and Mortgage into which the parties entered. (ECF No. 45.) Judgment was entered in favor of the defendants on September 25, 2024. (ECF No. 46.)

On January 16, 2025, Plaintiff subsequently brought a Motion to Vacate (ECF No. 47) and asked the Court to reopen his case. This Motion was referred to the Honorable Scott P. Klosterman, who issued a thorough Report and Recommendation on July 23, 2025. (ECF No. 50). As relevant here, the report and recommendation advised the parties:

> Pursuant to 28 U.S.C. § 636(b)(1)(c) and Federal Rule or Civil Procedure 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and they also waive appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).

(ECF No. 50 at 10.)

On August 15, 2025, well after Plaintiff's time to object had expired, this Court adopted the Report and Recommendation as its own, found Plaintiff was not entitled to relief, and denied Plaintiff's Motion to Vacate (ECF No. 47). (ECF No. 51.) On September 15, 2025, Plaintiff filed an untimely "Objection" to the Report and Recommendation. (ECF No. 52.)

Now before the Court, is Plaintiff's Motion "For Entry of Default, Default Judgment, and Relief from Void Summary Judgment due to Unrebutted Fraud" (ECF No. 53) and Memorandum of Law in Support (ECF No. 54), filed October 8, 2025. The Court understands Plaintiff's Motion to make the following claims: (1) entry of default is mandatory because defendants have failed to plead or defend; (2) Plaintiff is entitled to default judgment; (3) the judgement is void because this court either lacked jurisdiction or violated due process; (4) there has been fraud upon the court because the promissory note has been destroyed; and (5) plaintiff's Fifth and Fourteenth Amendment rights were violated due to lack of jurisdiction and judicial bias. (ECF No. 53 at 2-3.) Having reviewed Plaintiff's Motion (ECF No. 53) and Memorandum in Support (ECF No. 54), Defendant's response (ECF No. 55), Plaintiff's Reply (ECF No. 56), and the record, the Court finds that Plaintiff's Motion (ECF No. 53) must be denied.

## ANALYSIS

Because the Plaintiff's motion is self-styled and was served more than ten days after judgement was entered, the Court will construe this motion as a motion for relief from judgement pursuant to Rule 60(b). *See Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Wilson v. Al McCord Inc.*, 858 F.2d 1469, 1478 (10th Cir.1988) ("Because more than ten days had elapsed before the filing of the motion to reconsider, we construe it as a motion pursuant to Fed. R. Civ. P. 60(b)"). Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Beugler v.*

*Burlington Northern & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (internal

quotations omitted). Under Rule 60(b), the Court may—in its discretion—grant relief

from a judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have
>     been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
>     misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an
>     earlier judgment that has been reversed or vacated; or applying it
>     prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)–(6).

    While it is not entirely clear, Plaintiff appears to ask this Court for relief based on

Rule 60(b)(3) and (4).[2]

    Under 60(b)(3), Plaintiff argues there was fraud upon the Court because the

Promissory note was destroyed. He also argues his constitutional rights were violated due

to fraud. (ECF No. 54 at 2-3.) Under Section (b)(3), the Court may grant relief from a

judgment, order, or proceeding, if the moving party establishes—by clear and convincing

evidence—fraud, misrepresentation, or misconduct by the opposing party on the movant

or on the court itself. FED. R. CIV. P. 60(b)(3). Further, "'the challenged behavior must

---

[2] Plaintiff asserts a claim of fraud and fraud upon the court, which this Court has construed as a request for relief under Rule 60(b)(3). Plaintiff also alleges the judgement is void due to a lack of jurisdiction and a violation of due process. The Court has construed this as a request for relief under Rule 60(b)(4). Plaintiff's other claims, namely, that his Fifth and Fourteenth Amendment rights were violated due to lack of jurisdiction and judicial bias, will be considered under Rule 60(b)(3) and (4). Plaintiff's claim that entry of default and default judgment is warranted will be addressed separately.

*substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.'" *Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999) (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 924 (1st Cir. 1988)) (emphasis in *Anderson*).

As an initial matter, no relief can be granted under Rule 60(b)(3) due to the untimeliness of Plaintiff's motion. Under Rule 60(c)(1) "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.") Here, the Judgment was entered in favor of Defendants on September 25, 2024. (ECF No. 46). Plaintiff brought the instant motion on October 8, 2025. (ECF No. 53.) As such, Plaintiff's motion for relief on Rule 60(b)(3) grounds is untimely.

However, as already explained in the Report and Recommendation (ECF No. 50) adopted by this Court (ECF No. 51), there is no evidence that Defendants have engaged in fraudulent behavior, nor is there evidence of any fraud upon the Court. (ECF No. 50 at 8-9.) Once again, Plaintiff's claims of fraud and fraud on the court are conclusory and without merit. As the Court has repeatedly stated, Guild can enforce the accidentally destroyed or misplaced promissory note and no fraud has occurred. (ECF No. 45 at 7-9, 16.)

Under 60(b)(4), Plaintiff states the judgment (ECF No. 46) is void either due to lack of jurisdiction, judicial bias, or a violation of due process, but provides no further facts supporting his claims. (ECF No. 53 at 2-3.) Under Rule 60(b)(4) the Court may

grant relief from a judgment, order, or proceeding, if the moving party establishes that the judgment is void. FED. R. CIV. P. 60(b)(4). An order is void under Rule 60(b)(4) "if the 'rendering court was powerless to enter it' due to lack of jurisdiction over the parties or subject matter." *Hopkins v. Galetka*, 370 Fed. App'x. 909, 910 (10th Cir. 2010) (quoting *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. at 271. Relief under Rule 60(b)(4) due to jurisdictional error will only be granted in "the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id.* (quoting *Nemaizer v. Baker*, 793 F. 2d 58, 65 (2nd Cir. 1986)). There is no basis for relief on due process grounds under Rule 60(b)(4) if the moving party received notice "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 272.

Here, Plaintiff has conceded the Court has jurisdiction over this case on multiple occasions (ECF No. 1 at 5, No. 2 at 2), and this Court plainly has jurisdiction to adjudicate the instant litigation. 28 U.S.C. §§ 1331, 1367. Plaintiff's allegations of judicial bias are conclusory at best and he provides no evidence of judicial bias, and, in

any event, judicial bias is not a basis on which relief under 60(b)(4) can be granted.[3] *Obduskey v. Wells Fargo*, No-22-1156, 2023 WL 1831128 at *5 (10th Cir. 2023)**.**

Furthermore, Plaintiff was never deprived of due process and has received ample notice and opportunity to be heard, as demonstrated by the ample number of filings Plaintiff has been able to make in the instant litigation. (See ECF Nos. 1, 2, 7, 8, 10, 13, 21, 22, 23, 25, , 31, 32, 34, 37, 38, 39, 47, 52, 53, 54.) The Court has carefully considered all of Plaintiff's filings and given him more than enough consideration to satisfy due process requirements. Unable to demonstrate fraud, fraud upon the court, a jurisdictional error or a due process violation, Plaintiff is not entitled to relief under Rule 60(b)(3) or (4).

Finally, neither Entry of Default nor Default Judgment is warranted. In his motion, Plaintiff argues that entry of default and default judgment is mandatory because defendants have failed to plead or defend. (ECF No. 53 at 2-3.). Contrary to the Plaintiff's assertions, Defendants have plead and defended throughout all stages of this litigation (*see* ECF No. 5, 9, 12, 18, 19, 24, 33, 40, 41, 44, 49), and judgment has already been entered in favor of Defendants (ECF No. 46). Defendants were also not required to file a responsive pleading in response to Plaintiff's untimely "Objection" (ECF No. 52). Nothing in the local rules requires a responsive pleading on an "Objection" filing. As

---

[3] In very limited circumstances, judicial bias can serve as a grounds for relief under Rule 60(b)(6). *Obduskey v. Wells Fargo*, No-22-1156, 2023 WL 1831128 at *5 (10th Cir. 2023). However, as mentioned above, because Plaintiff fails to provide any evidence of judicial bias, and because Plaintiff's allegations of judicial bias are conclusory, Plaintiff is not entitled to relief under 60(b)(6).

Defendants aptly note, Plaintiff's "Objection" has no procedural or substantive basis because Plaintiff's failure to object within fourteen (14) days constituted a waiver of de novo review by a district judge and appellate review of factual and legal questions. (ECF No. 55 at 3.) Accordingly, Plaintiff is not entitled to entry of default nor default judgment.

## CONCLUSION AND ORDER

Plaintiff has failed to establish any factual or legal basis to support relief from this Court's September 25, 2024 Judgment. Therefore,

**IT IS HEREBY ORDERED** Plaintiff's Motion "For Entry of Default, Default Judgment, and Relief from Void Summary Judgment due to Unrebutted Fraud" (ECF No. 53) is **DENIED**.

Dated this 7th day of November, 2025.

Scott W. Skavdahl
United States District Judge